UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:11-CR-00189-BR-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ANTONIO A. ABROM, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the renewed post-judgment motion of Defendant Antonio Abrom ("Defendant") requesting a copy, at the government's expense, of his docket sheet, plea agreement, and sentencing transcript. [DE-26]. In a previous motion [DE-23], Defendant stated that he is currently indigent and unable to pay for the documents he requests. *Id.* In an earlier letter requesting these documents, Defendant stated that they are needed "to collaterally attack his conviction pursuant to [28 U.S.C. § 2255]." Aug. 18, 2014 Letter. The court initially denied the request because Defendant had not yet commenced a § 2255 proceeding or articulated any possible § 2255 claims and failed to make a particularized showing as to the need for these documents. Oct. 6, 2014 Order [DE-25]. Defendant now asserts that he seeks to challenge a six (6) level enhancement received under U.S.S.G. § 2B3.1(b)(2)(B) as inconsistent with U.S.S.G. § 2K2.4 where Defendant was convicted and sentenced under 18 U.S.C. § 924(c). Def.'s Mot. [DE-26].

As the court explained in its previous order, 28 U.S.C. § 753(f) addresses the circumstances under which the court may provide an indigent defendant with a copy of his transcript at government expense. Specifically, the statute directs courts to provide an indigent defendant proceeding *in forma pauperis* under 28 U.S.C. § 1915(a) with a free transcript in order to bring an action pursuant to 28

U.S.C. § 2255. 28 U.S.C. § 753(f). The court must first certify "that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit . . . ." *Id.*; *see also United States v. MacCollum*, 426 U.S. 317, 326 (1976); *United States v. Glass*, 317 F.2d 200, 202 (4th. Cir 1963) (explaining that an indigent defendant may not obtain a free transcript without a showing of necessity, "merely to comb the record in the hope of discovering some flaw"). Because there is no constitutional requirement that the government provide an indigent defendant with free transcripts or other court documents in order to collaterally attack a conviction or sentence, the defendant must show a "particularized need" for the documents. *Morin v. United States*, 522 F.2d 8, 9 (4th Cir. 1975) (citing *Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972)); *see MacCollum*, 426 U.S. at 323-38.

The Rules Governing Section 2255 Proceedings merely require a defendant to set forth, in summary form, the facts supporting his claims for relief. Rule 2(b); *United States v. Gallo*, No. 88-7534, 1988 WL 60934, at *1 (4th Cir. May 31, 1988) (per curiam) (unpublished). Here, Defendant's renewed motion shows that he is able to set forth his § 2255 claims in summary fashion without copies of the requested documents. *See United States v. Anderson*, No. 2:94cr163, 1997 WL 138970, at *5 (E.D. Va. Mar. 14. 1997) (denying a request for documents at government expense where defendant "has not established that he needs the copies of court documents and transcripts to set forth in summary form the facts in support of a § 2255 claim"). However, Defendant may be able to show a particularized need for the requested documents in the future. *See United States v. McLean*, No. 5:10-CR-00125-H, 2011 WL 5870045, at *1 (E.D.N.C. Nov. 22, 2011) (denying a motion for reconsideration and noting that "[o]nce Defendant has commenced a Section 2255 proceeding, discovery may thereafter be available and that if [Defendant] qualifies for *in forma*

*pauperis* status, he may be eligible to receive copies of the transcripts at the Government's expense at that time").

Because Defendant has not applied to proceed *in forma pauperis* and has failed to establish why he cannot, without copies of his docket sheet, plea agreement, and sentencing transcripts, set forth in summary fashion the facts in support of his § 2255 claim, his motion for court documents is DENIED without prejudice.

SO ORDERED, this the 4 day of November 2014.

Robert B. Jones, Jr.
United States Magistrate Judge

3